FILED
SUPERIOR COURT
OF GUAM

2024 MAR -8 PM 3: 03

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF 0034-16 |
| vs. | |
| JOSHUA JERRARD TAITAGUE CAMACHO, DOB: 01/18/1990 | **DECISION AND ORDER** *Re: Defendant's Motion for Bail Redetermination* |
| Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on December 14, 2023, upon the Defendant's Motion and Application for Bail Redetermination Hearing Under 8 GCA § 40.50 for Release on Personal Recognizance or in the Alternative to Electronic Home Monitoring ("Motion"), filed December 11, 2023. Defendant Joshua Jerrard Taitague Camacho ("Defendant") was represented by Assistant Public Defender Stephen Hattori. Assistant Attorney General Renaida San Nicolas represented the People of Guam.

## BACKGROUND

On January 20, 2016, a grand jury returned an indictment and charged the Defendant with 1) SECOND DEGREE CRIMINAL SEXUAL CONDUCT (As a First Degree Felony); 2) ELECTRONIC ENTICEMENT OF A CHILD (As a Third Degree Felony); and 3) FOURTH DEGREE CRIMINAL SEXUAL CONDUCT (As a Misdemeanor). See Indictment (Jan. 20, 2016). On March 22, 2017, Defendant accepted a plea agreement, pleading guilty to ELECTRONIC ENTICEMENT OF A CHILD (As a Third Degree Felony) and FOURTH

DEGREE CRIMINAL SEXUAL CONDUCT (As a Misdemeanor). Pursuant to the agreement, Defendant was sentenced to a four (4) year probation term.

On April 22, 2019, Probation filed a Violation Report stating that Defendant had violated the terms of his probation, his having been arrested for Criminal Mischief to a Vehicle (As a Third Degree Felony), Terrorizing (As a Third Degree Felony), and Theft (As a Misdemeanor. On June 27, 2019, the Court held a violation hearing, after which the Court decided to defer the violation pending resolution of Defendant's new case, CF0238-19. On October 24, 2019, the Court held a hearing for further proceedings. Defendant was not present, and Probation stated that Defendant had not checked in since August 13, 2019, and was also missing when Probation performed a home visit and work site visit. The Court subsequently issued a warrant, setting bail at Five Thousand Dollars ($5,000.00). Defendant was arrested and committed on September 7, 2023. At the return of warrant hearing on September 8, 2023, Probation stated that, in addition to eluding the Court's warrant and failing to report to Probation for nearly two years, Defendant was also sanctioned for three days in CM0652-17, before the Hon. Alberto C. Lamorena III, and was pending another return of warrant in CF0238-19, before the Hon. Maria T. Cenzon. The Court remanded Defendant to the custody of the Department of Corrections, and due to Defendant's failure to surrender to the marshals upon return of warrant, the Court set bail at Ten Thousand Dollars ($10,000.00), pending Defendant's revocation hearing on December 14, 2023.

On December 4, 2023, Defendant filed the instant Motion, alleging that he "continues to be held on a Five Thousand Dollars ($5,000.00) cash bail since his return of warrant arrest on

September 7, 2023[1]," and requesting release on his own recognizance on the grounds that he is "indigent and unable to post such bail." Mot., at 3. On December 11, 2023, the People filed their opposition to the Motion, arguing that Defendant should not be released on the grounds that he "was placed on probation for two years which ha[d] not tolled due to an active outstanding bench warrant issued on October 29, 2019," that "Defendant was required to register as a Level III Sex Offender, which he still ha[d] not done[2]," and that Defendant had failed to report to probation and refused to follow orders when the marshals attempted to arrest him. Opp., at 2.

On December 14, 2023, the Court heard arguments from both parties and took the matter under advisement.

## DISCUSSION

Defendant argues that he is entitled to a bail redetermination hearing pursuant to 8 GCA § 40.50(a); that Guam law "presumes that a confined defendant be released on his own recognizance" pursuant to 8 GCA § 40.15(b); and that the Court should, at the very least, place Defendant on Electronic Monitoring ("EM") because the Court is required to impose the least onerous bail conditions possible, pursuant to 8 GCA § 40.20. The Court disagrees for the following reasons.

Guam law provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50. If a judge from whom bail

---

[1] The Court notes that this amount of $5,000.00 is obsolete; the Court has since set bail at $10,000.00 at the September 8, 2023 return of warrant hearing.

[2] At the December 14, 2023 hearing, Probation informed the Court that Defendant had registered as a sex offender.

redetermination is sought does not modify the release conditions as requested, then the judge shall set forth in writing the reasons for requiring the conditions imposed. *Id.* § 40.50(a).

Section 40.15 of Title 8 of the Guam Code states, that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). Further, Guam law requires that the Court impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 GCA § 40.20; see *Guam v. Song*, 2011 Guam 19 ¶ 11. In making such determination, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The Court must also consider a series of other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. Id. at (c)(2) through (6).

Upon consideration of the record, the Court finds that bail redetermination is not warranted in this case. Defendant's failure to report to probation alone is enough for the Court to find that his appearance is not reasonably assured, and his continued racking up of charges in the interim does him no favors in terms of the danger he poses to the community; however, the most glaring red flag in this matter is Defendant's willful evasion of the Court's warrant of arrest for nearly two years. The Court simply cannot find, given Defendant's seeming indifference to both the orders of the Court and the terms of his probation, that any less onerous

conditions are warranted, and the Court finds that the current Ten Thousand Dollar ($10,000.00) cash bail is an appropriate amount.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion is **DENIED**.

**IT IS SO ORDERED** _____MAR 0 8 2024_____.

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**